AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA

v.

GERALD MCARTHUR PARRIS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 12-30511

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

9/22/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Gerald McArthur Parris Order of Detention

Defendant is charged by way of criminal complaint with felon in possession of a loaded firemarm.

Defendant is a 47 year old single man with no children. He has little contact with his parents, who had no idea of where their son lives. The defendant's father resides in this district and his mother resides in Alabama. Defendant has two siblings who reside in this district as well. Defendant's residence was not able to be confirmed by family members.

Defendant has been unemployed for the past 15 years. He gets by doing odd jobs when they become available to him. He has no assets.

Defendant has a daily crack cocaine habit, and admits to marijuana use since the age of 8 years. He also admits to a daily history of heroin use which he said ended in 2005.

Defendant has a life long history of mental illness, and he reports that he was treated with psychotropic drugs four years ago for depression. While incarcerated at the Dickerson Detention Facility he was also prescribed psychotropic medications.

Defendant has two alias names, three alias dates of birth, and two alias social security numbers.

Defendant has 7 outstanding warrants for failures to appear in court, five emanating from 36th district court on narcotics charges, one in the district court in Ypsilanti, and one in the district court in River Rouge. These failure to appear warrants span from September 2009 - November 2011.

Defendant's criminal history is set forth in 3 ½ pages, single spaced, in the Pretrial Services report. It begins in 1983 when Defendant was 18 years old and continues through 2012. There are a minimum of 35 convictions, and multiple other charges for which the dispositions are not known. He has been convicted, by way of example, for battery offenses, theft, fleeing to elude a police officer, obstruction of law enforcement officer by use of threats, felony possession of cocaine, felony possession of controlled substances, assault, felony controlled substance/delivery/manufacture, felony escape, felony robbery, felony home invasion, 1st degree, felony retail fraud, and the instant charge, felon in possession of a firearm.

In addition to the convictions, Defendant's record includes 9 violations of probation to which Defendant plead guilty, and one violation of parole.

Given Defendant's mental health history, his life-long drug history with heroin and cocaine, and his ten violations while under supervision (parole and probation), this Court concludes that Defendant is incapable of complying with any conditions of supervision or any orders of this Court. Defendant's criminal history is unrelenting and has continued steadily over a 30 year period, such that this Court has no confidence that his behaviors would or could change or improve were he to be given bond. This conclusion is underscored by defendant's pattern of continued criminal activity while on state probation and his continued criminal activity while on state parole. He has failed to adjust to any of his state ordered probations or his state parole, according to the record provided.

Defendant is neither a candidate for bond, nor is third party custody to either of his parents or his sister appropriate.

Defendant is deemed to pose a risk of flight by a preponderance of the evidence and he is deemed to be a danger to the community by clear and convincing evidence and based upon the nature of the instant allegations. There are no conditions of bond which would guarantee the safety of the community or defendant's appearance in court.

Detention is therefore Ordered.